# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINZI LARSON, | CASE NO. CV F 09-1060 LJO SMS |
| Plaintiff, | **ORDER ON DEFENDANTS' MOTION TO DISMISS** (Doc. 10) |
| vs. | |
| CONEWANGO PRODUCTS, CORP. JEFFREY PERKINS, | |
| Defendants. / | |

By amended notice filed on February 18, 2010, defendants Conewango Products Corp. ("Conewango") and Jeffery Perkins ("Mr. Perkins") move to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(5) and 12(b)(6). Plaintiff Linzi Larson ("plaintiff") failed to file a timely opposition to the motion. Defendants filed a reply on March 16, 2010. Pursuant to Local Rule 230(g), this matter was submitted on the pleadings without oral argument and the hearing set for March 23, 2010 was VACATED. Having considered the moving and reply papers, as well as the Court's file, the Court issues the following order.

## **BACKGROUND**

Plaintiff was employed by Conewango as a Western Regional Sales Manager. (Doc. 1, Complaint ¶4.) Conewango hired plaintiff on October 15, 2007 and the parties entered into a one-year employment agreement. (Doc. 1, Complaint ¶4.) According to Conewango, Conewango and plaintiff agreed that the contract "shall be governed by and construed in accordance with the laws of the State of New York." (Exh. A to Conewango motion.) Plaintiff resided in Visalia, California while employed with

Conewango and worked out of her home. (Doc. 1, Complaint ¶5.) On August 11, 2008, plaintiff's supervisor, Mr. Perkins, sent plaintiff a termination letter stating that she had not applied herself to the role of Western Sales Manager. (Doc. 1, Complaint ¶8.) Plaintiff alleges she was terminated because she told Conewango and Mr. Perkins that she was pregnant.

Plaintiff filed a Title VII sex discrimination charge with the EEOC against Conewango on September 26, 2008. (See Doc. 6, Request for Judicial Notice, Exh. A.) The EEOC issued a Dismissal and Notice of Right to plaintiff on March 19, 2009. On June 16, 2009, plaintiff filed this action against Conewango and Mr. Perkins arising from her termination of employment. Plaintiff alleges that both Conewango and Mr. Perkins discriminated against her because of her pregnancy, sex and disability (Doc. 1, Complaint ¶11-22.) She also alleges wrongful termination and breach of the contract.

Plaintiff alleges the following claims for relief:

1. First Cause of action for Pregnancy Discrimination;
2. Second Cause of Action for Sexual Discrimination;
3. Third Cause of Action for Disability Discrimination;
4. Fourth Cause of Action for Wrongful Termination;
5. Fifth Cause of Action for Punitive Damages;
6. Sixth Cause of Action for Breach of Contract; and
7. Seventh Cause of Action for Breach of Good Faith and Fair Dealing.

**ANALYSIS AND DISCUSSION**

**A.  Rule 12(b)(6) - Motion to Dismiss for Failure to State a Claim**

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint in question, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008); *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

1   To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief
2   that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).
3   A claim has facial plausibility,"when the plaintiff pleads factual content that allows the court to draw
4   the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, – U.S.
5   –, 129 S.Ct. 1937 (2009). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual
6   content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling
7   the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

8   A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences
9   and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v.*
10  *American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). "While a complaint attacked
11  by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation
12  to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a
13  formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554,127 S. Ct.
14  1955, 1964-65 (internal citations omitted). Moreover, a court "will dismiss any claim that, even when
15  construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a
16  cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In
17  practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material
18  elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127
19  S.Ct. at 1969. If a plaintiff fails to state a claim, a court need not permit an attempt to amend a
20  complaint if "it determines that the pleading could not possibly be cured by allegation of other facts."
21  *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

22  **B.    Rule 12(b)(5) - Motion to Dismiss for Failure to Serve Process**

23  Rule 12(b)(5) permits a challenge to the method of service attempted by plaintiff. Where the
24  validity of service is contested by a Rule 12 motion, the burden is on plaintiff (the party claiming proper
25  service has been effected) to establish the validity of service. *Norlock v. City of Garland*, 768 F.2d 654,
26  656 (5th Cir. 1985); *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3rd
27  Cir. 1993).

28  Defendant contends that plaintiff did not serve her Complaint on Conewango and Mr. Perkins

3

until January 27, 2010, which is 225 days after the complaint was filed. The Proof of service has not yet been filed with the Court.

Service must be made upon defendant within 120 days of filing of the complaint. Otherwise, the court has authority to dismiss the action as to that defendant. Fed.R.Civ.P. 4(m). If plaintiff shows good cause for the failure to effect timely service, "the court must extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m). Absent prejudice to defendant or anyone else, or to the court itself, it "cannot be an abuse of discretion" to extend the time for service even after expiration of the 120–day period. *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003); *See United States v. 2,164 Watches*, 366 F.3d 767, 772-73 (9th Cir.2004) (instructing the district court to consider the prejudice when exercising its discretion to determine what action to take in light of the untimely service).

Here, plaintiff proceeds *in forma pauperis*. (Doc. 3.) As such, she is entitled to rely upon service of process by the U.S. Marshal's service. In the Court's order on June 19, 2009, plaintiff was granted *in forma pauperis* status and granted service assistance by the U.S. Marshal. She was ordered to submit appropriate service documents to the Court, for forwarding to the U.S. Marshal, no later than July 22, 2009. (Doc. 3.) Plaintiff timely submitted the appropriate documents on July 14, 2009. (Doc. 4.) These document were then forwarded to the U.S. Marshal.

U.S. Marshals are required to serve summons on behalf of plaintiffs proceeding *in forma pauperis*, and plaintiffs are entitled to rely on the Marshal to effect service. The Marshal's delays or errors constitute "good cause" to avoid dismissal. *Puett v. Blandford*, 912 F.2d 270, 276 (9th Cir. 1990). "Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Development*, 994 F.2d 874, 876 (D.C. Cir. 1993). Thus, any delay in the service on defendants was the result of the actions of the U.S. Marshal, and constitute good cause. Accordingly, the Court extends the time for service of process.

Further, defendants have failed to show any prejudice as a result of the delay in service. Since no prejudice is shown, the Court finds that the extension of time for service of process is harmless.

**C.    New York or Federal law**

    **1.    Ambiguity as to the Laws Violated**

Defendants argue that the complaint is vague and ambiguous as to whether plaintiff intends to

4

allege her discrimination claims under federal law, under New York law or under both federal and New York law.  For instance, plaintiff alleges a claim under the Pregnancy Discrimination Act, 42 U.S.C. §2000e(k) and under New York's Human Right law (Executive law §296).  (Doc. 1, Complaint ¶12.) Thereafter, plaintiff incorporates the "'law as described above" into each of her discrimination causes of action.  (Doc. 1, Complaint ¶ 16, 20, 24.)

The Court agrees that the complaint is ambiguous as to which laws plaintiff claims have been violated.  Accordingly, leave to amend will be granted so plaintiff may more clearly set forth which laws she contends have been violated in each of her causes of action.

**2.    Defects in Alleged Violations of New York Law**

Further, defendants argue that the complaint should be dismissed because of several pleading errors under New York law.  Defendants argue that the New York Human Rights Law does not reach the alleged wrongs in the case because plaintiff is not a resident of New York.  (Doc. 5, Moving P&A p. 5:5-14.)  Defendants also argue that plaintiff's wrongful termination claim fails because she has not identified any violation of New York public policy.  Defendants argue to violate public policy, plaintiff must allege a violation of New York constitutional, statutory or decisional law.  (Doc. 5, Moving P&A p. 9.)  Further, defendants argue that plaintiff's breach of the implied covenant of good faith and fair dealing is defective because New York does not recognize an independent covenant claim, separate and apart from the breach of contract.  (Doc. 5, Moving P&A p. 10.)

Plaintiff may be attempting to allege violation of New York law because according to Conewango, the written contract states that the "agreement shall be governed by and construed in accordance with the laws of the State of New York."[1]  (Doc. 1, Complaint ¶11.)  At this point in the

---

[1] Defendants rely upon the contract language for their argument.  In their Points and Authorities, defendants attach the purported contract between plaintiff and defendant Conewango.  (See Doc. 5, Memo of P&A, p. 7 and Exh. A attached.) Defendants impliedly argue that the Court may properly consider the contract because the contract is incorporated into the complaint since plaintiff references the contract.  The doctrine of incorporation by reference has been extended to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005); *International Audiotext Network v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (considering an agreement that was not specifically incorporated into the complaint because the complaint "relies heavily upon its terms and effect" such that the agreement is "integral" to the complaint).  But the mere mention of the existence of a document is insufficient to incorporate the contents of a document. *See United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir.2003).

5

litigation, the Court cannot rule upon whether plaintiff has validly stated a cause of action, or under what state law, because of the ambiguity of the allegations. She has not alleged which laws she claims have been violated. Further, the Court does not rule on whether she must state statutory claims under New York law or California law. Accordingly, the motion to dismiss as to the New York state claims is denied.

**D.    Claims against Mr. Perkins**

Each of plaintiff's causes of action incorporates the preceding allegations and names "defendants" as the parties to each claims. Thus, both Conewango and Mr. Perkins are named in each cause of action.

**1.    Claims Alleging Discrimination Against Mr. Perkins**

Plaintiff's first cause of action alleges pregnancy discrimination. The second cause of action alleges sexual discrimination, and the third alleges disability discrimination.

Title VII prohibits discrimination against individuals in the workplace on the basis of race and national origin. 42 U.S.C. §2000e(k). Discrimination on the basis of "pregnancy, childbirth, or related medical conditions" is treated as sex discrimination under Title VII. 42 U.S.C. § 2000e(k). The Americans with Disabilities Act ("ADA") protects employment opportunities for qualified individuals with disabilities. 42 USC §§ 12101–12213.

Individual supervisors are not liable under the federal discrimination statutes. Only the corporate employer is liable for sex discrimination under the ADA and Title VII; corporate officers and directors have no personal liability. *See Miller v. Maxwell's Int'l, Inc.,* 991 F.2d 583, 587 (9th Cir. 1993) (applying Calif. law), *cert. denied*, 510 U.S. 1109 (1994). Individuals may not be sued for damages under Title VII, supervisors and coworkers are not individually liable under the ADA for disability discrimination. *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037–1038 (9th Cir. 2006).

Plaintiff cannot assert claims for individual liability against Mr. Perkins for conduct which was

---

Here, the Complaint specifically refers to a "written employment contract dated October 15, 2007." (Doc. 1, Complaint ¶31.) The document defendants attached is entitled "employment agreement" and dated October 15, 2007 with purported signatures of Conewango and Linzi Larson. (Doc. 5, Exh. A.) Plaintiff did not file an opposition and therefore, she does not contend that the written contract attached to defendants' Points and Authorities is unauthentic. The Court accepts the contract solely for the purpose of explaining the plaintiff's pleading, such as her allegation of New York statutory law.

6

allegedly discriminatory in nature. Accordingly, the motion to dismiss will be granted.

Pursuant to Fed. R. Civ. P. 15, this Court "should freely give leave when just so requires." Here, plaintiff will not be granted leave to amend on these claims as to Mr. Perkins because as a matter of law he does not have liability for employment discrimination.

### 2. Claims for Breach of Contract Against Mr. Perkins

Plaintiff asserts three claims arising from breach of her employment relationship. The fourth cause of action alleges "wrongful termination." The sixth cause of action alleges Breach of the Written Employment Contract and the seventh cause of action alleges Breach of Good Faith and Fair Dealing arising from the employment contract.

Defendants contend that Mr. Perkins cannot be liable because he is not the employer even though he is a signatory to the written contract. He signed as an agent on behalf of Conewango. Defendant points to the complaint where plaintiff alleges that the "employment agreement that was signed by me and defendants PERKINS for the employer Conewango Products Corp." (Doc. 1, Complaint p.1:22.)

The Court grants the motion to dismiss on the claims for wrongful termination, breach of the written employment agreement and breach of good faith and fair dealing. Plaintiff has failed to allege facts that allow the Court to draw the reasonable inference that the Mr. Perkins is liable, as an employer, for wrongful termination or the breach of the agreement. Plaintiff has not alleged that Mr. Perkins was the employer, as opposed to the agent for her employer. *Iqbal*, 129 S.Ct. 1937.

Federal courts are particularly liberal in construing "inartful pleading" by parties appearing pro se (without counsel). *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). Accordingly the Court will grant leave to amend to include allegations, if possible, that Mr. Perkins is liable on the contract. If no such facts exist, plaintiff should amend and delete Mr. Perkins from these causes of action.

### E. Failure to Exhaust Administrative Remedies

Defendants argue that plaintiff failed to exhaust her administrative remedies regarding her disability discrimination claim. Defendant points out that her EEOC charge did not "check" the disability discrimination box. Defendant notes that neither the EEOC nor plaintiff identified the Americans with Disabilities Act as one of the reasons for the charge. (Doc. 6, Judicial Notice, Exh. A.)

7

Before bringing a civil action under Title VII, a plaintiff must file a timely administrative charge with the EEOC and receive a right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1). The civil action is limited to acts of discrimination reasonably related to the allegations in the administrative charge or new acts occurring during the pendency of the charge before the administrative body. *Oubichon v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973).

### 1. Request for Judicial Notice of the EEOC Charge

Defendants request the Court take judicial notice of the plaintiff's EEOC charge filed with the EEOC on September 26, 2008. (Doc. 6, Request for Judicial Notice.)

Federal Rule of Evidence 201 states that the Court may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." On a motion to dismiss, a court may consider materials incorporated into the complaint or matters of public record. *See Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir.2001) (noting that a district court may not take judicial notice of a disputed fact in a public record).

Here, the Court may take judicial notice of EEOC Notice of Charge of Discrimination. *Cunningham v. Litton Indus.*, 413 F.2d 887, 889 n. 2 (9th Cir.1969) (taking judicial notice of EEOC decision). Therefore, the Court grants defendants request to take judicial notice of plaintiff's EEOC charge.

### 2. Substance of the EEOC Charge

"When an employee brings suit for incidents not listed in his prior EEOC charge, a federal court may hear the new . . . claims if they are 'like or reasonably related to the allegations of the EEOC charge.'" *Stache v. International Union of Bricklayers and Allied Craftsmen, AFL-CIO*, 852 F.2d 1231, 1234 (9th Cir. 1988) (quoting *Brown v. Puget Sound Elec. App. & Train, Trust*, 732 F.2d 726, 729 (9th Cir. 1984), *cert. denied*, 469 U.S. 1108, 105 S.Ct. 784 (1985)). "But if the two claims are not so closely related that a second administrative investigation would be redundant, the EEOC must be allowed to investigate the dispute before the employee may bring a . . . suit." *Stache*, 852 F.2d at 1234. The crucial element is the factual statement contained on the administrative charge, rather than the type of

1  discrimination alleged by the check-the-box selection, which constitutes a mere technical defect. *Id.*
2  (adopting a like or reasonably related" standard of whether the 'scope' of the DFEH investigation which
3  can reasonably be expected to grow out of the charge of discrimination.); *Shah v. Mt. Zion Hospital and*
4  *Medical Center,* 642 F.2d 268, 271 (9th Cir. 1981) (Shah filed an EEOC complaint alleging sex and
5  national origin discrimination. At trial Shah attempted to expand his Title VII action to include race,
6  color and religious discrimination. The district court lacked subject matter jurisdiction over these
7  additional claims because Shah failed to raise them before the EEOC.)

8  Plaintiff's third cause of action is entitled "Disability Discrimination." Plaintiff filed her EEOC
9  administrative charge on September 26, 2008. (Doc. 6, Judicial Notice, Exh. A.) The EEOC Charge
10  of Discrimination states, in relevant part, that the "Discrimination [is] based on" the boxes checked for
11  "sex" and "retaliation." *Id.* The factual statement in the charge states as follows:

> "I. I was hired on October 15, 2007 as the Western Regional Sales Manager. I was the only female Sales Representative in the company. On June 5, 2008, I told my supervisor, Jeff Perkins, that I was pregnant. Since then I was treated differently and was discharged on August 11, 2008. . . .
>
> III. I believe that I was subjected to different terms and conditions, retaliation, and discharged due to my gender (female) and pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended."
> (Doc. 6, Judicial Notice, Exh. A.)

18  Plaintiff's disability claim is reasonably related to the Title VII pregnancy claim, since both arose
19  out of alleged wrongful termination due to the employee's pregnancy. The factual statement sets out that
20  she was discharged for being pregnant. Investigation into potential disability discrimination could have
21  reasonably flowed from investigation into the exhausted discrimination claim. Accordingly, the Court
22  denies the motion to dismiss on the disability claim.

23  The Court does not address, at this point, whether pregnancy is an impairment under the
24  American's with Disabilities Act, absent complications from the pregnancy. See generally, 29 C.F.R.
25  Part 1630 Appx § 1630.2(h). The complaint is vague as to whether plaintiff pursues claims under federal
26  law or state law and thus, it is possible that plaintiff pursues claims under a state disability
27  discrimination statute. Leave has been granted for plaintiff to amend to clearly state the statutes under
28  which she is entitled to relief.

**F.     Claim for Punitive Damages**

Plaintiff's fifth cause of action is a separate claim for punitive damages.

California Civil Code §3294 ("section 3294") provides that in an action "for breach of an obligation not arising from contract," a plaintiff may seek punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). A claim for punitive damages is not a separate claim, but is alleged as part of specific conduct. Civ.Code § 3294 reflects a public policy determination that certain conduct—"oppression, fraud or malice"—is so reprehensible that a penalty should be exacted to deter the commission of similar wrongful acts. *People v. First Fed'l Credit Corp.*, 104 Cal.App.4th 721, 732, 128 Cal.Rptr.2d 542, 549 (2002). The right to punitive damages is merely a remedy that may attach to a particular cause of action. *See Hilliard v. A.H. Robins Co.*, 148 Cal.App.3d 374, 391, 196 Cal.Rptr. 117 (1983).

Plaintiff attempts to set forth a separate claim for punitive damages. A separate claim for punitive damages is not cognizable under California law because punitive damages is merely a remedy. Accordingly, the motion to dismiss this claim is granted.

## CONCLUSION

For the foregoing reasons, the Court Orders as follows:

1. The Motion to Dismiss by Jeffrey Perkins is:
   a. GRANTED without leave to amend as to the first, second and third causes of action for discrimination;
   b. GRANTED with leave to amend as to the fourth, sixth and seventh causes of action; and
   c. GRANTED without leave to amend as to the fifth cause of action for punitive damages.

/////
/////
/////
/////
/////

    2. The Motion to Dismiss by Conewango is GRANTED in part and DENIED in part:

        a. GRANTED with leave to amend as to the first, second and third causes of action for discrimination;

        b. GRANTED without leave to amend as to the fifth cause of action for punitive damages; and

        c. DENIED as the remaining causes of action.

Plaintiff is granted thirty (30) days from the date of service of this order to file her amended complaint. Plaintiff is admonished that she must comply with the Rules of Federal Procedure and this order. Failure to timely file her amended complaint may result in dismissal of this action.

IT IS SO ORDERED.

**Dated:   March 18, 2010**　　　　　　　　　　　/s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE