# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINZI LARSON,<br><br>            Plaintiff,<br><br>     vs.<br><br>CONEWANGO PRODUCTS , CORP.<br>JEFFREY PERKINS,<br><br>            Defendants.<br>_____/ | CASE NO. CV F 09-1060 LJO SMS<br><br>**INFORMATIONAL ORDER; AND ORDER ON PLAINTIFF'S RESPONSE AND REPLY BRIEF** |

The Court has received and reviewed Plaintiff's response and reply to the motion to dismiss. (Doc. 18 and 21). The Court has also reviewed defendants' objection to plaintiff's response as untimely. (Doc. 19.)

The Court has reviewed plaintiff's response and finds that it does not alter the Court's prior order granting and denying defendants' motion to dismiss with leave to amend.  Plaintiff must comply with this Court's order entitled "Order on Defendants' Motion to Dismiss" and must comply with the time line set forth in that order.

The Court also issues an "informational order" to plaintiff who proceeds in pro se.  **Plaintiff is admonished that it is the responsibility of the each party to know the Local Rules of this Court and Federal Rules of Civil Procedure**, which can be found on the Court's website at www.caed.uscourt.gov.

INFORMATIONAL ORDER

In litigating this action, the parties must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"). This order highlights specific rules of which the parties should take particular note. **Failure to comply with the Local Rules, federal rules or a court order, including this order, will be grounds for dismissal or other appropriate sanctions.** *See* Local Rule 110; F.R.Civ.P. 41(b).

1. Documents intended to be filed with the Court must be mailed to the Clerk of the Court. *See* Local Rule 133(d)(1). **All documents improperly mailed to a judge's chambers will be stricken from the record.**[1] A document requesting a Court order must be styled as a motion. *See* F.R.Civ.P. 7.

2. Each document submitted for filing must include the original signature of the filing party or parties. Local Rule 131; F.R.Civ.P. 11(a). **All documents submitted without the required signature(s) will be stricken.** Each separate document must be separately stapled. *See* Local Rule 130. If a document is stapled behind another document, it will not be filed and will not be entered on this Court's docket.

3. All documents filed with the Court must be submitted with an additional legible conformed copy for the Court's use. *See* Local Rule 133(d)(2). **A document submitted without an extra copy for the Court's use will be stricken.** If the filing party wishes the Court to return a file-stamped copy, he or she must include an additional copy for that purpose (i.e., submit an original and two copies, one for the Court's use and one to be returned). **The Court cannot provide copy or mailing service for a party**, even for an indigent plaintiff proceeding in forma pauperis. Therefore, if the filing party wishes a file-stamped copy returned, the party must also provide an envelope with adequate postage pre-paid. Copies of documents from the Court file may be obtained at the cost of 50 cents per page.

4. After any defendants have appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the Court must include a certificate of service stating that a copy of the document was served on the opposing party. *See*

---

[1] When a document is stricken, it becomes a nullity and is not considered by the Court for any purposes.

F.R.Civ.P. 5; Local Rule 135.  **A document submitted without the required proof of service will be stricken**.  Where a party is represented, service on the party's attorney of record constitutes effective service.

5. All filings must bear the file number assigned to the action, followed by the initials of the District Court Judge and the Magistrate Judge to whom the case is assigned.  Where plaintiff simultaneously pursues more than one action, he or she must file separate original documents and the appropriate number of copies in each action to which the document pertains.  **Documents submitted listing more than one case number in the caption will be stricken.**

6. The Court cannot serve as a repository for the parties' evidence (i.e., prison or medical records, witness affidavits, etc.). The parties may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court).  **Evidence improperly submitted to the Court will be stricken and returned to the party.**

7. No discovery may be propounded to a defendant until it files an answer.  Discovery propounded on a party is self-executing, and must be served directly on the party from whom discovery is sought; parties should not file copies of their discovery with the Court. **Discovery documents inappropriately submitted to the court will be stricken.**  Where the response to discovery is unsatisfactory, the party seeking discovery may file a motion to compel discovery, including a copy of the discovery propounded and the response thereto.  *See* F.R.Civ.P. 37.

8. The parties are referred to Local Rule 230 for the briefing schedule on motions.  The parties are responsible for complying with the time lines set forth in Rule 230.

9. All Court deadlines will be strictly enforced.  Requests for time extensions must state the reason the extension is needed and must be filed with the Court before the deadline in question.  *See* Local Rule 144.

10. A plaintiff proceeding in propria persona has an affirmative duty to keep the Court and opposing parties informed of his or her current address.  If a plaintiff moves and fails to file a notice of change of address, service of Court orders at plaintiff's prior address shall constitute effective notice. *See* Local Rule 183(b).  If mail directed to plaintiff is returned by the U.S. Postal Service as

undeliverable, the Court will not attempt to remail it. **If the address is not updated within 60 days of the mail being returned, the action will be dismissed for failure to prosecute**. *See* Local Rule 183(b).

11. Due to the press of business, the Court cannot respond to individual requests for the status of cases. Any such requests will be denied. So long as the parties inform the Court of any address changes in compliance with Local Rule 183(b), the Court will notify the parties of any Court action taken in their case.

IT IS SO ORDERED.

**Dated:   March 22, 2010**                                  /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE